**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

October 14, 2021

By ECF

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Application granted.

SO ORDERED.

Ronnie Abrams, U.S.D.J.
October 15, 2021

**Re:** *United States v. David Davila*, 21 Cr. 547 (RA)

Dear Judge Abrams:

Pursuant to 28 U.S.C. 1867(f), I write to respectfully request authorization to inspect records relating to the composition of the grand jury that issued the indictment in this case. **The Government consent to this request.** Our office already possesses some of the necessary records in connection with ongoing litigation in this District; but, because those records are subject to a protective order, we require the Court's authority to use them in connection with the contemplation and preparation of a motion challenging the composition of the grand jury in this case. Should the Court endorse this letter, the parties will jointly propose a protective order to govern the use of the records.

As background, the indictment against Mr. Davila was unsealed on October 7, 2021. He is charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

28 U.S.C. § 1867(f) states that "the parties shall … be allowed to inspect, reproduce, and copy … records or papers [used by the commission or clerk in connection with the jury selection process] at all reasonable times during the preparation and pendency of … a motion under subsection (a)." *See also Test v. United States*, 420 U.S. 28, 30 (1975) (right to inspect records is supported "not only by the plain text of the statute, but also by the statute's overall purpose in insuring 'grand and petit juries selected at random from a fair cross section on the community'"), *quoting* 28 U.S.C. § 1861.

In order to invoke the right to inspect under 28 U.S.C. § 1867(f) and "[t]o avail himself of [the] right of access to otherwise nonpublic jury selection records, a litigant needs only allege

Hon. Ronnie Abrams                                                                                          Page 2 of 2

that he is preparing a motion challenging the jury selection procedures." *United States v. Alden*, 776 F.2d 771, 773 (8th Cir. 1985) (internal citations omitted). That is, at this stage, Mr. Davila need not make any showing with respect to the probability of success of such a motion. *See, e.g.*, *United States v. Royal*, 100 F.3d 1019, 1025 (1st Cir. 1996); *see also United States v. Gotti*, 2004 WL 2274712 (S.D.N.Y. 2004) (granting motion for discovery even absent any showing that information would reveal a violation) (unreported). Simply explaining, as I do here, that the records are necessary to prepare a motion to dismiss the indictment is a sufficient basis to authorize the records' production. *See* 28 U.S.C. §1867(f).

      If the Court grants this request to inspect the records in connection with Mr. Davila's case, it is my understanding that the Government will provide a copy of the relevant records to me and that the Jury Administrator will not need to reproduce those records.

      Thank you for your consideration of this request.

Respectfully submitted,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org

cc:   Thomas S. Burnett, Esq.
      Assistant United States Attorney