UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      v.<br><br>DAVID DAVILA,<br><br>        Defendant. | 21-CR-547-RA<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

  On September 15, 2022, Defendant David Davila was sentenced principally to a term of imprisonment of 37 months. At sentencing, the Court calculated Mr. Davila's sentencing guidelines range at 37 to 46 months' imprisonment, based on an offense level of 17 and a criminal history category of IV.

  On January 3, 2024, following appointment of counsel to represent him, Mr. Davila moved for a reduction of sentence. Dkt. No. 42. In a January 5, 2024 Order, the Court noted that the Probation Department had determined that Mr. Davila appeared eligible for an adjustment of his sentencing guidelines range based on Amendment 821 to the Sentencing Guidelines. Dkt. No. 43. On January 12, 2024, the Government responded, Dkt. No. 44, and on January 16, 2024, Mr. Davila replied, Dkt. No. 45. The parties agree that Mr. Davila is eligible for a sentence reduction under Amendment 821, and that his Guidelines range would now be 30 to 37 months. The Government argues, however, that the Court should deny Mr. Davila's motion because "[r]educing Davila's sentence below 37 months' imprisonment would be inconsistent with the Section 3553(a) factors because of the defendant's criminal history, the nature of his crime, and his conduct since his sentencing." Dkt. No. 44. In response, Mr. Davila asserts that a reduction to 30 months is warranted because the Court previously "imposed the lowest within-Guidelines sentence" and it is therefore "likely that, had the range been 30 to 37 months as it is now, the Court would have imposed 30 months." Dkt. No. 45.

The Court finds that Mr. Davila is eligible for a sentence reduction and adopts the above calculations as to the defendant's Guidelines range.  Nevertheless, the Court denies Mr. Davila's motion.

As relevant here, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.A. § 3582.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010) (noting that a court should consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized … is warranted in whole or in part under the particular circumstances of the case").  Relevant section 3553(a) factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(2)(A), and courts may also consider relevant post-sentencing conduct, *see* U.S.S.G. § 1B1.10 cmt. n.1(B)(ii)–(iii); *United States v. Williams*, 2020 WL 5253205, at *4 (S.D.N.Y. Sept. 3, 2020).

After considering the record in this case and the parties' arguments, the Court finds that Mr. Davila's 37-month sentence was, and remains, the appropriate sentence for his conduct.  First, Mr. Davila's prior criminal history is lengthy and serious.  Dkt. No. 39 ("Sentencing Tr.") at 13.  As the Court stated during the September 15, 2022 sentencing hearing, Mr. Davila has a "very troubling criminal history" involving violence and danger to others, which continues to raise "a real concern about safety to the community." Sentencing Tr. at 15.  For example, while on parole, Mr. Davila was cited for possessing a knife and machete in 2019 and, most recently, he was arrested for possessing a firearm.  Dkt. No. 41 ("Suppl. Report") ¶¶ 1-14, 42.  Indeed, he lied to police officers about the incident after the firearm, covered with his blood, was recovered.  *Id.* ¶¶ 10-13; Sentencing Tr. at 21.  Second, although he has participated in various work assignments

while incarcerated and has not received any disciplinary sanctions in the past twelve months, Mr. Davila was disciplined as recently as 2022 for possessing a hazardous tool and in 2023 for possessing narcotics. *See* Suppl. Report at 3-4. Third, despite Mr. Davila's lack of a father figure, he had a stable childhood, graduated high school, and only began committing crimes during adulthood. *See* Sentencing Tr. at 21. Despite this, he is now 32 years old and has been arrested and convicted five times. *Id.* at 21-22; Suppl. Report at 31-40, 58.

Ultimately, the Court finds no reason to depart from its previous determination that a sentence of 37 months, to be followed by a term of supervised release of three years, "is sufficient but not greater than necessary to comply with the purposes of sentencing set forth in the law." Sentencing Tr. at 22. This sentence remains within the new, properly calculated guidelines range of 30 to 37 months.

Mr. Davila's motion for a reduction of sentence is therefore denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. No. 42.

SO ORDERED.

Dated: New York, New York
       January 22, 2024

_____
Hon. Ronnie Abrams
United States District Judge

3